```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 09-60402-CIV-ZLOCH
```

PRIVATE OCEANS, INC.,

      Plaintiff,

vs.                                                   **O R D E R**

LEGAL SEA FOODS, INC.,

      Defendant.
_____/

      THIS MATTER is before the Court upon Defendant Legal Seafoods, Inc.'s Motion To Dismiss (DE 2) and Motion For Recusal (DE 15). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

      This is a contract dispute between Plaintiff, a custom aquarium builder, and Defendant, a large, national seafood restaurant chain. Plaintiff contracted to design, construct, and maintain three aquariums for Defendant's South Florida restaurants. None of the contracts were written: all were oral. In their course of business, two aquariums were constructed, delivered, and accepted, and Plaintiff allegedly took steps to begin production on the third on 7/7/08. Defendant then notified Plaintiff that it did not want the third aquarium.

      And Plaintiff filed a six-count Complaint for breach of contract. In response, Defendant filed the instant Motion To Dismiss, maintaining that many of Plaintiff's claims are barred by the Statute of Frauds. In a refreshing example of parties amicably working out their differences, the Parties have resolved Counts I

through IV. Thus, only Count V of the Complaint is still at issue; Defendant did not move to dismiss count VI. Defendant contends that Count V is unenforceable under the Statute of Frauds, and Plaintiff maintains that it falls under an exception, which provides in part that an otherwise unenforceable contract is enforceable if the goods at issue are "not suitable for sale to others in the ordinary course of the seller's business." Fla. Stat. § 672.201(3)(a)(2009). The law on this point is clear; Plaintiff must show three things have occurred for its oral contract to be enforceable: that the aquarium was to be specially manufactured for Defendant, that it is not suitable for sale to others in the ordinary course of Plaintiff's Complaint, and that Plaintiff either substantially began manufacturing the aquarium or committed to procuring it. Id. Because Plaintiff has made no allegations concerning its ability to sell the aquarium to another buyer, the Court will grant the instant motion, with leave to amend.

### Facts

Between May 2006 and July 2007, Plaintiff and Defendant entered into six oral agreements. DE 1, pp. 12-20. Three of the agreements were for designing and constructing custom aquariums to be displayed in Defendant's South Florida restaurants; the remaining three provided for the maintenance and service of those aquariums. Id. Plaintiff designed, built, and delivered two aquariums to Defendant: one in August 2006, and the other in July 2007. Id. pp. 13-14. The record is unclear whether Plaintiff

2

began construction on the third aquarium, but according to the Complaint Plaintiff allegedly entered into commitments with acrylic workers, contracting with them to manufacture the third aquarium. Id. pp. 12-15. A short while later, Defendant terminated the maintenance and service contracts with Plaintiff and stopped making payments on all three aquariums. Id. p. 15. Plaintiff responded with this suit.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a claim if it is implausible as pled. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 1965-66 (2007). That is, a claim must plead "enough factual matter (taken as true) to suggest" that recovery will be warranted. Id. at 1965. This standard cannot be separated from the federal practice of notice pleading, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the [opposing party] fair notice of what the . . . claim is and the ground upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly.

## Analysis

The Parties' contracts were made and executed here in Florida; therefore, Florida state law applies. The Statute of Frauds, as codified in Florida, bars enforcement of certain oral contracts for the sale of goods over $500. Fla. Stat. § 672.201(1). However, the general prohibition against enforcing such contracts is not

3

operative where:

> (1) the goods are to be specially manufactured for the buyer, and
> (2) are not suitable for sale to others in the ordinary course of the seller's business, and
> (3) the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either substantial beginning of their manufacture or commitments for their procurement.

Fla. Stat. § 672.201(3)(a) (numbering and punctuation supplied). The three requirements are in the conjunctive and each must be established for an otherwise unenforceable oral contract to fall outside of the Statute of Frauds.

Plaintiff claims that the contract at issue in Count V was an oral contract and it was for a good worth more than $500. Thus, the Statute of Frauds is invoked and he must allege sufficient facts to maintain that the contract is enforceable. Fla. Stat. § 672.201(1), (3). Here, Defendant takes the position that Plaintiff has not met the second prong of the exception because it has not alleged in the Complaint that the third aquarium at issue in Count V is "not suitable for sale to others in the ordinary course of the seller's business." Id. It has not done that; it has failed to allege that the third aquarium could not otherwise be sold to others. Because the Complaint has a "built in affirmative defense" and Plaintiff has failed to state all of the elements that would make the oral contract at issue in Count V enforceable, he has failed to state a claim upon which relief may be granted; thus, the instant motion will be granted; and Plaintiff may amend his

Complaint to set forth the allegations sufficient to make Count V an enforceable contract under Fla. St. 672. See 5 Wright & Miller, Federal Practice and Procedure § 1266 (noting the pleading for "built in affirmative defenses").

## Motion To Recuse

Defendant also moves for the Court to recuse because Plaintiff's Counsel was previously represented by the undersigned and Plaintiff's counsel has a personal relationship with the undersigned. On the basis of these facts, Defendant has "a well-grounded fear that it cannot and will not receive a fair hearing and/or trial in this matter." DE 15, p. 2. Defendant cites 28 U.S.C. § 455(a) for the proposition that recusal is proper when a Judge's impartiality "might reasonably be questioned." Id. While that is the standard, it does not follow that any time a party re-states the standard and gives two vague factual bases that a judge must recuse.

Section 455(b) denotes certain instances where impartiality may appear, and Defendant's motion touches upon two of them: prior representation and a personal relationship. Here, the undersigned's prior representation of Plaintiff's Counsel took place over 25 years ago in a totally unrelated state court matter, and § 455(b)(2) is focused only on cases where the judge "served as [a] lawyer in the matter in controversy." 28 U.S.C. § 455(b)(2). That is not the case here. Second, there is no personal relationship between Plaintiff's Counsel and the undersigned. To the best of the

5

undersigned's recollection the sole basis for any relationship with Plaintiff's Counsel was in conjunction with the aforementioned representation. Only one, or possibly two, meetings took place between the undersigned and Plaintiff's Counsel regarding the representation, and there have been no further dealings after that time. Therefore, Defendant's "well-grounded fear" is, in fact, groundless.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Legal Seafoods, Inc.'s Motion To Dismiss (DE 2) is **GRANTED**;

2. Count V of Plaintiff's Complaint (DE 1) be and the same is hereby **DISMISSED,** without prejudice and with leave to amend; and

3. Defendant Legal Seafoods, Inc.'s Motion For Recusal (DE 15) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___2nd___ day of July, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record